IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:20-CR-97 |
| | ) | |
| RODNEY EDWARD WALL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, Chief District Judge.

The defendant, Rodney Edward Wall, moves for a sentence reduction under Section 404(b) of the First Step Act. Doc. 47. The government acknowledges that Mr. Wall is eligible for a reduction but asks that the Court exercise its discretion to deny the motion. Doc. 54 at 2, 12–14. Mr. Wall in reply raises multiple contentions in support of a reduction. Doc. 55 at 4–6. Because the applicable § 3553(a) factors do not support a reduction, the motion is denied.

## I. Procedural History

As summarized by the government,[1] in 1999, a federal grand jury seated in the Western District of North Carolina indicted Mr. Wall and 13 co-defendants on charges of conspiracy to possess with intent to distribute cocaine and cocaine base within 1,000 feet of a protected area, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 860 (Count One).

---

[1] The Court adopts and incorporates largely verbatim the government's summary of the procedural history of this case, as defendant agrees it is accurate. Doc. 54 at 2–5; Doc. 55 at 1. In the analysis, *infra,* the Court addresses further "one aspect of [the] procedural history" related to drug quantity that Mr. Wall highlights as an "additional detail[.]" Doc. 55 at 1–2.

Doc. 1-1 at 1–2.  The indictment also charged Mr. Wall and one co-defendant, with

possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1)

(Count Four).  *Id*. at 3.  Mr. Wall proceeded to trial, and a jury found him guilty on both

counts.  Doc. 1-2 at 1.

Under the law then in effect, Mr. Wall faced a mandatory sentence of life

imprisonment on Count One, because of his attributed drug quantity and an enhancement

due to prior felony drug convictions, pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851.

Doc. 6 at ¶ 64.  His sentencing range on Count Four was ten years to life, under

§ 841(b)(1)(B) and 851.  *Id*.  With a total offense level of 46 (treated as a 43 under the

Guidelines) and a Criminal History Category of III, Mr. Wall's then-mandatory

Guidelines range[2] was life on each count.  *Id*. ¶¶ 33, 65.  In July 2000, the district court

imposed a life sentence followed by ten years of supervised release.  Doc. 1-2 at 2–3.

On December 1, 2016, after serving 213 months (approximately 16 years) in

custody, Mr. Wall was released pursuant to an executive grant of clemency and

commenced his ten-year term of supervised release.  Doc. 53 at 2.  Jurisdiction over his

supervision was transferred to this district in March 2020.  Doc. 1.

On January 14, 2022, after finding Mr. Wall had violated the terms and conditions

of his supervision by committing new crimes (once again, felony drug trafficking

offenses), the Court revoked Mr. Wall's supervised release and sentenced him to 13

months' imprisonment on each count, to run concurrently, followed by two years of

---

[2] Mr. Wall was sentenced before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 246 (2005), made the Sentencing Guidelines advisory.

supervised release.  Doc. 19 at 1–2.  In November 2022, Mr. Wall was released to a second term of supervision.  Doc. 53 at 2.

In September 2023 the probation office petitioned for revocation of Mr. Wall's second term of supervised release, citing five violations, the most serious of which was based on Mr. Wall's recent arrest by the Richmond County Sheriff's Office on six counts of felony possession with intent to manufacture, sell, and deliver cocaine.  Doc. 21.  At the time, Mr. Wall was over 50 years old.  *See* Doc. 6 at 2 (providing his date of birth as November 1971).  The probation office noted Mr. Wall's original convictions on both Count One and Count Four were Class A felonies, resulting in a five-year maximum revocation sentence being available to the Court as to each count.  Doc. 22 at 1.  Because Mr. Wall's original criminal history category was III, the Sentencing Commission's policy statement suggested a sentence of 30 to 37 months on each count.  *Id.* at 2; *see* Doc. 49 at 3 (affirming the Court's finding on the policy statement range).

The Court imposed a sentence of 42 months on each count, to run concurrently, with no further supervision.  Doc. 36 at 2.  The Court acknowledged this "is higher than the guidelines, but I think that's appropriate in light of his criminal history and the fairly quick return to very similar criminal conduct."  Doc. 41 at 26.  Mr. Wall appealed, and the Court of Appeals affirmed the revocation judgment.  Doc. 49.

On April 14, 2025, Mr. Wall filed the present motion, seeking a reduction in his revocation sentence to 18 months pursuant to the First Step Act.  Doc. 47 at 2.  The Court appointed counsel for Mr. Wall, the probation office filed a supplemental report, the government responded, and Mr. Wall replied.  Docs. 48, 53–55.

3

## II. First Step Act Standards

Section 404(b) of the First Step Act allows defendants to move for retroactive application of the Fair Sentencing Act of 2010, based on its revised statutory penalties for cocaine base offenses. *See* First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. District courts have discretion to deny relief under the Act even if the defendant meets the eligibility criteria. *Id.* § 404(c).

The Fourth Circuit has summarized the procedure for First Step Act motions as follows: "First, district courts must recalculate the movant's Guidelines range only to the extent it adjusts for the Fair Sentencing Act. Second, they may (and when raised by the parties, must) consider other legal and factual changes when deciding whether to impose a reduced sentence." *United States v. Troy*, 64 F.4th 177, 184 (4th Cir. 2023) (cleaned up). At the first step, "[a] district court cannot . . . recalculate a movant's benchmark Guidelines range in any way other than to reflect the retroactive application of the Fair Sentencing Act." *Concepcion v. United States*, 597 U.S. 481, 498 n.6 (2022). But at step two, courts may consider nonretroactive changes to the guidelines, along with post-sentencing conduct, "in selecting or rejecting an appropriate sentence, with the properly calculated guidelines range as the benchmark." *Troy*, 64 F.4th at 183–84 (cleaned up).

## III. Benchmark Guidelines Range

The First Step Act changed the statutory penalties for cocaine crimes like Mr. Wall's crime of conviction. The parties agree that Mr. Wall is "eligible for a reduction in his revocation sentence." Doc. 54 at 2, Doc. 55 at 2. The Court so finds.

4

The parties also agree that with the change made by the First Step Act, the guidelines would now suggest a sentence between 210 and 262 months. Doc. 54 at 10–11; Doc. 55 at 5 n.4; *see* Doc. 53 at 2. Both further agree that the crime of conviction in Count Four is now a Class B felony, Doc. 54 at 10; Doc. 55 at 4, which results in a lower guideline range per the policy statement of 18-24 months. *See* U.S.S.G. § 7B1.4(a)(2) (2023). They disagree as to whether the crime of conviction in Count One is a Class A or Class B felony. Doc. 54 at 10; Doc. 55 at 4. The government's approach would result in a guideline range of 30-37 months and Mr. Wall's approach in a guidelines range of 18-24 months. *See* U.S.S.G. § 7B1.4(a)(2) (2023).

Mr. Wall's Count One felony classification contention is based upon application of *Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000), to the original language in his indictment, which does not specify a drug weight. Doc. 55 at 3–4. Case law is mixed about whether courts may consider *Apprendi* in calculating the benchmark range for First Step Act purposes. *Compare United States v. Bowens*, No. 3:98-CR-110-01, 2025 WL 2997510, at *12 (E.D. Va. Oct. 24, 2025) ("*Apprendi* (a non-First Step Act change in the law) is not applied in the *Concepcion/Troy* Step One benchmark determination."), *with United States v. Hargett*, No. 4:94-CR-68, 2024 WL 556977, at *3 (E.D.N.C. Feb. 12, 2024), *aff'd*, No. 24-4091, 2025 WL 2058811 (4th Cir. July 23, 2025) (applying *Apprendi* to calculate policy statement range under Fair Sentencing Act, "because the indictment does not specify a drug quantity"); *see also United States v. Reed*, 58 F.4th 816, 823 (4th Cir. 2023) (noting that the district court "correctly concluded that the drug weight charged in the indictment determined Reed's eligibility for First Step Act relief").

The Court does not resolve this unsettled question of law here but accepts for purposes of the present motion that the benchmark Guidelines range for a revocation sentence on both Count One and Count Four is 18-24 months and that the statutory maximum for both counts would be three years. *See, e.g., Troy*, 64 F.4th at 184 n.3 (holding harmless district court's erroneous lower calculation of the benchmark Guidelines range).

### IV. The Applicable § 3553(a) Factors

Having determined the range the policy statement now suggests for a revocation sentence, 18-24 months, the Court turns next to considering the applicable sentencing factors and Mr. Wall's arguments in favor of relief.

In a revocation proceeding, district courts consider the following factors under 18 U.S.C. § 3553(a):

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> . . . .
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> . . . .
> (4) [Sentencing Guidelines]
> (5) any pertinent policy statement . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a); 18 U.S.C. § 3583(e) (providing relevant § 3553(a) factors for revocation of supervised release); *Esteras v. United States*, 606 U.S. 185, 194–95 (2025)

6

(noting excluded factors are § 3553(a)(2)(A) and § 3553(a)(3), comprising the "retribution factors" and "the kinds of sentences available").

First, and for clarity, nothing about the changes in the First Step Act or the resulting retroactive changes to the Guidelines made the sentence Mr. Wall received illegal or unlawful. Such retroactive changes simply allow defendants to seek a sentence reduction and for courts to consider whether a sentence reduction is appropriate under § 3353(a).

The § 3553(a) factors counsel against any reduction in Mr. Wall's revocation sentence under the circumstances here. After being convicted of and serving a long sentence for drug trafficking, Mr. Wall twice violated his terms of supervision by again engaging in drug trafficking activity, the second time within a year of his release. Reducing his sentence would not give appropriate weight to the need for specific deterrence and protection of the public.

The Court previously noted that it gave Mr. Wall "quite a break" in his first revocation sentence, trusting he would make positive use of that benefit. Doc. 41 at 25. But upon his release from serving that sentence, Mr. Wall quickly violated that trust and quickly returned to illegal drug trafficking. His repeated drug offense conduct, following an executive grant of clemency and a first grant of leniency by the Court, reflects an egregious breach of the Court's trust. It also shows that there is a need to protect the public from Mr. Wall's ongoing drug trafficking and to deter others on supervised release from returning to such criminal conduct.

7

Mr. Wall contends that "the need to avoid unwarranted sentence disparities" supports a reduction. Doc. 55 at 5. He points out that the time served on his original sentence, 213 months is much higher than the advisory guidelines range would be if he was sentenced today, 155-188 months, taking into account other non-retroactive changes to the guidelines. *Id*. at 5 n.4. Similarly, Mr. Wall contends that "it does not appear that the impact of the First Step Act was considered in either of the supervised release violation proceedings." *Id*. at 5. But this focus on sentence disparities does not take into account the substantial recidivism risk posed by this particular defendant. Mr. Wall does not point to any other defendant with a similar criminal record for drug trafficking, who following an executive grant of clemency engaged in drug trafficking while on supervised release, received a lenient revocation sentence, and after serving that lenient sentence, yet again committed drug crimes under supervision.

Mr. Wall also maintains that the Court's concerns "must be weighed against the Defendant's exceptionally good record in the Bureau of Prisons." *Id*. at 6. The Court acknowledges this exceptional record in custody. It is regrettable that Mr. Wall has not yet been able to translate that drive to succeed to his conduct while not in custody.

Finally, Mr. Wall maintains that a sentence above the current statutory maximum itself would not promote "respect for the law." *Id*. This is an impermissible factor for consideration in a revocation sentence. 18 U.S.C. § 3583(e); *Esteras*, 606 U.S. at 195. Even if that were not so, the Court is of the view that respect for the law – here, the terms of a court judgment imposing requirements while on supervised release – favor denial of the motion.

8

In any event, as the Supreme Court in *Concepcion* made clear, "a district court is not required to modify a sentence for any reason." 597 U.S. at 496. It is Mr. Wall's own recidivist conduct that made a sentence above the guidelines appropriate for a revocation sentence and that makes a sentence reduction inappropriate. Consideration of other relevant evidence and factors, which the Court has done, does not change the way the Court weighs his criminal history and breach of trust.

In the Court's discretion, it is **ORDERED** that the defendant's motion for sentence reduction, Doc. 47, is **DENIED**.

This the 7th day of July, 2026.

UNITED STATES DISTRICT JUDGE

9